## SWAYZE et ux. v. HARDIN.
## No. 8431.

Court of Civil Appeals of Texas. San Antonio.
May 14, 1930.

A. B. Crane, of Raymondville, for appellants.

W. T. Carlton, of Harlingen, for appellee.

### COBBS, J.

Appellee sued appellants for the foreclosure of a mechanic's and materialman's lien on certain property in Raymondville, their home, and to collect vendor's lien notes against the same home. Defendants admitted the vendor's lien notes and their debt and lien, admitted the debt sued on as set forth in the materialman's lien, but denied that they acknowledged it in accordance with law, or at all, denied the acknowledgment thereof.

Appellee filed application for change of venue on three grounds, to wit: "1st. a com-

bination against him instigated by influential persons; 2nd. that there exists in Willacy County a prejudice against R. W. Huff, a witness for plaintiff, who was the notary who took the acknowledgments of defendants to the materialman's lien upon which foreclosure is sought, so great that plaintiff cannot obtain a fair and impartial trial in Willacy County; 3rd. there has existed and now exists a political condition which renders it impossible for plaintiff to obtain a fair and impartial trial, and there have been two mistrials of the case." This application was sworn to by plaintiff and others.

Defendants filed general demurrer, special exceptions, etc. Then specially excepted to that part alleging prejudice against the witness Huff because it does not permit nor authorize the change, nor is it a permissible ground under the law, nor a justifiable ground for a change of venue. And excepted to the allegation of political conditions as being a ground for change of venue. Defendants further alleged that it is not the law that a case shall be moved from one county to another because of the good or bad reputation of a witness; and excepted to the application because it is not alleged therein that any prejudice whatever existed against plaintiff, nor that there is a combination against which he cannot expect a fair and impartial trial.

The case was tried to the court and not to a jury, though one was demanded by appellants and refused by the court.

Upon the hearing of the motion the same was granted by the court and the cause removed to Hidalgo county. To this action of the court the defendants excepted and gave notice of appeal to this court.

The statute providing for the change of venue is article 2170 (Rev. St.) as follows:

"A change of venue may be granted in civil causes upon application of either party, supported by his own affidavit and the affidavit of at least three credible persons, residents of the county in which the suit is pending, for any following cause:

"1. That there exists in the county where the suit is pending so great a prejudice against him that he cannot obtain a fair and impartial trial.

"2. That there is a combination against him instigated by influential persons, by reason of which he cannot expect a fair and impartial trial.

"3. For other sufficient cause, to be determined by the court."

We have discovered from the record that the change or transfer is certainly not made upon any of the statutory grounds, not even under the terms of the third subdivision allowing the change to be made under the theory of "other sufficient cause, to be determined by the court."

The court overruled all exceptions and denied appellants' application to have the case tried to a jury. After hearing the evidence the court entered its decree as follows:

"And it appearing to the court that a trial of this cause has twice been had in this court, each time resulting in a hung jury; and further that the plaintiff cannot have a fair and impartial trial in this district court of Willacy County; and that the ends of justice would be promoted by the change:

"It is therefore ordered by the court that this suit be transferred to the District Court of Hidalgo County, in and for the 93rd Judicial District of Texas, being an adjoining County, the courthouse of which is nearest to the courthouse of the County of Willacy, in which this suit is pending, and the parties and witnesses in this cause are ordered to appear before said Court at its next ensuing term, to be held at Edinburg, Hidalgo County, Texas, on the 6th day of January, 1930; and the clerk of this court shall immediately make out a correct transcript of all the orders made in this cause, certifying thereto officially under the seal of this court, and transmit the same with the original papers in this cause to the Clerk of the District Court of Hidalgo County, Texas; to which action of the Court the defendant excepted and gave notice of appeal to the Court of Appeals for the Fourth Supreme Judicial District at San Antonio, Texas."

The grounds stated by the court are not supported by the testimony. There was not shown any prejudice whatever against the appellee, so that ground is laid out of sight; nor that there is any combination by influential persons against him. This ground is not in the record nor in any manner supported by testimony. It is overruled. There is no other statutory ground available to appellee to support the judgment.

■■ The whole contention is reduced to the second and third grounds of the application, the prejudice existing against Huff and based on personal and political grounds. Whatever right given under this statute for change of venue is entirely personal to the parties in the case, and it does not extend to witnesses; it makes no difference as to them, either as to personal or political reasons. The statutory provision applies only to the parties and not to their witnesses. However wicked it may be supposed that their witnesses may be, that very question is left to the jury when rendering their verdict, and they may absolutely ignore the witness whose integrity and manner of testifying is brought in question. They are the judges of the credibility of the witnesses and the weight to be given to their testimony.

We think, for the reasons given, the trial court erred in its ruling, and the judgment is reversed and the cause remanded.

Reversed and remanded.